1  Monte S. Travis, California State Bar No. 84032
   Robert P. Travis, California State Bar No. 182667
2  Travis & Travis
   1388 Sutter Street, Suite 903
3  San Francisco, California 94109
   Telephone: (415) 923-1200
4  Facsimile: (415) 673-6263
   montetravis@mac.com
5  robert.p.travis@icloud.com

6  Attorneys for Defendants
   Glamora by Sadia, Sadia Barrameda, and
7  New Compendium Corporation

8                      UNITED STATES DISTRICT COURT

9                     NORTHERN DISTRICT OF CALIFORNIA

10                            SAN JOSE DIVISION

11 | LOUIS VUITTON MALLETEIR, S.A., et al., | Case No. CV 14-05421 BLF |
|---|---|
12 | Plaintiffs, | **DEFENDANT NEW COMPENDIUM CORPORATION'S OBJECTIONS TO PLAINTIFFS' NOTICE OF ERRATA, REVISED DECLARATION OF ANTHONY M. KEATS, AND NEW EXHIBIT 32 IN SUPPORT OF EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION** |
13 | vs. | |
14 | GLAMORA BY SADIA, et al., | |
15 | Defendants. | |
16 | | |
17 | | Date:   November 12, 2015<br>Time:   9:00 a.m.<br>Judge: Hon. Beth Labson Freeman |
18 | | |

19

20       Defendants Glamora by Sadia, Sadia Barrameda, and New Compendium Corporation

21 ("NCC") object to Plaintiffs' Notice of Errata (ECF No. 88), their revised Declaration of Anthony

22 M. Keats (ECF No. 88-1), and their new Exhibit 32 (ECF Nos. 89-5 and 89-6) as follows.

23            **Objections to the Notice of Errata (ECF No. 88) in General**

24       Plaintiffs' one-page Notice of Errata begins with this statement:

25       "PLEASE TAKE NOTICE that, due to **clerical** errors, Plaintiffs have made

26       **ministerial** changes to the documents specified below, which are attached to

27       this Notice in their revised form."

28       (Bolding added.)

1  Defendants object to this belated Notice of Errata to the extent that the changes made by Plaintiffs are not ministerial.  As discussed below, the bulk of the changes consist of new evidence and argument in the guise of evidence.  The Notice of Errata and accompanying papers were filed mid-day yesterday, just one court day before the hearing.  There was no advance notice, nor any request for a stipulation allowing this filing.  Defendants have had no opportunity to review and respond substantively to this new material.  Corrections to exhibit numbers cited in a brief are one thing, but submission of an entirely new 114-page exhibit and addition of eight declaration pages consisting largely of tables and calculations supposedly derived from bank account records are neither "ministerial" nor reflections of "clerical errors," at least not as those terms are commonly understood.

Defendants object to the Notice of Errata as untimely, misleading, and unauthorized, and respectfully urge the Court not to consider it.

**Specific Objections to the Revised Declaration of Anthony M. Keats (ECF No. 88-1)**

**Paragraph 9**: "Based on documents obtained by third party subpoena, it appears that NCC is the main company among the various companies, and was the primary source of money into Ms. Barrameda's and Glamora's bank accounts, and as support for their counterfeiting activities. *See* Exhibit 32."

**Objections**:  Lack of foundation, ambiguous and vague, speculation, improper argument.  The new Exhibit 32 that is cited lacks foundation, indeed, it lacks explanation. (See the objections to Exhibit 32, below.)  The statement preceding the citation, and that Exhibit 32 supposedly supports, is speculation and argument as well as being ambiguous and vague, particularly as to *main company among the various companies* and *as support for their counterfeiting activities*.

**Paragraph 9**: "In fact, since NCC was founded and began making payments to Ms. Barrameda's and Glamora's bank accounts, in or around May 18, 2011, NCC accounts for almost eighty percent (80%) of all payments into their various accounts. *See id*."

**Objections**:   Lack of foundation.  This may be a true statement, but the shortness of time since the new language was added to Mr. Keats's declaration and the new Exhibit 32 was

filed is insufficient for Defendants to analyze either the statement or the Exhibit.  On its face, the statement lacks foundation, as does the Exhibit itself.

**Paragraph 9**:  "The following is a summary of such payments:  [here follows a nearly 6-page table]."

**Objections**:    Lack of foundation.  This, too, may be a true statement, but once again the shortness of time since the new table was added to Mr. Keats's declaration is insufficient for Defendants to analyze it.  On its face, the table lacks foundation.

**Specific Objections to the new Exhibit 32 (ECF Nos. 89-5 and 89-6)**

Lack of foundation, lack of relevance.

This exhibit was added yesterday as a purportedly "ministerial" change.  It is 114 pages long.  Each page has copies of what appear to be the fronts and backs of checks.  There is no explanation of why Plaintiffs selected these particular checks for the exhibit, whether they represent a subset of some greater group of checks, what they are intended to demonstrate, or where they came from.  We are left to assume that the copies of the backs of checks relate to the copies of the fronts of checks that appear on the same page of the exhibit, but that is impossible to determine based on the copies themselves.  The fact that this lengthy, unauthenticated collection of check copies was added just one court day before the hearing leaves no time for Defendants to analyze it, including attempting to tie the exhibit to the new chart included in Mr. Keats's declaration.  The Court should disregard Exhibit 32.

Dated: November 11, 2015

MONTE S. TRAVIS
ROBERT P. TRAVIS
TRAVIS & TRAVIS

By  */s/ Monte S. Travis*
Monte S. Travis
Attorneys for Defendants Glamora by Sadia, Sadia Barrameda, and New Compendium Corporation